**Keziah SUMMERS, Appellant**

v.

**Dale SUMMERS, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 2011.
Filed Jan. 5, 2012.
Reargument Denied March 9, 2012.

---

Benjamin Trent, White Plains, NY, for appellant.

Dale Summers, appellee, pro se.

BEFORE: DONOHUE, OLSON and STRASSBURGER*, JJ.

OPINION BY STRASSBURGER, J.:

Keziah Summers (Mother) appeals from an order modifying the parties' child support, claiming her procedural due process rights were infringed upon by the trial court. We affirm.

Mother and Dale Summers (Father) are divorced. They have three minor children together. Per the parties' custody agreement, Mother cares for the minor children during the week and works as a registered nurse on the weekends. Father cares for the minor children on the weekends and works as a mechanic at Cumberland Truck during the week. On September 23, 2010, Father filed a petition for modification of a prior support order entered on May 1, 2009. Father's petition failed to aver specifically any facts or request any relief. Despite these deficiencies, the Lancaster County Domestic Relations Section, a county filing agency, accepted the petition per its internal protocol of accepting all petitions, and scheduled a support conference. The support conference was held on October 19, 2010. On October 20, 2010, an interim order reducing Father's child support obligation was entered.[1] Mother filed a demand for a hearing on November 18, 2010. A *de novo* hearing was conducted by the trial court on December 10, 2010. Based on testimony elicited at the hearing, the trial court entered an order on December 13, 2010, modifying Father's support obligation to $909.42 per month in support and $90.00 per month in arrears. Mother filed this timely appeal. Both Mother and

the trial court complied with Pa.R.A.P. 1925.

Mother raises two issues on appeal.

1. Was Mother denied her state and federal right of Due Process when Father never alleged any facts nor requested any relief in his petition for modification of child support to apprise [Mother] of the specific nature of his claim for her defense?

2. Was Mother denied her state and federal right of Due Process when the trial court accepted the physician's letter into the record *ex parte*, used its contents to find Father was disabled, and did not grant her an opportunity to review the document with her attorney prior to trial?

Mother's Brief at 4.

■■■ Our standard of review of child support orders is well settled:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Krebs v. Krebs*, 944 A.2d 768, 772 (Pa.Super.2008) (internal citation omitted). We further note that

---

* Retired Senior Judge assigned to Superior Court.

1. The October 20, 2010 interim order reduced Father's support obligation from $750.68 per

month support and $75.00 per month arrears, previously ordered on May 1, 2009, to $629.75 total per month, $569.75 in support plus $60.00 per month arrears.

[a]n award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. *See* 23 Pa.C.S. § 4352(a); *see also* Pa.R.C.P. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion. *See Bowser v. Blom*, 569 Pa. 609, 807 A.2d 830 (2002).

*Plunkard v. McConnell*, 962 A.2d 1227, 1229 (Pa.Super.2008).

■ Mother first claims that she was denied her right to procedural due process when the Lancaster County Domestic Relations Section accepted Father's petition to modify the existing custody order despite its patent deficiencies.[2] Mother argues that Father's petition violates the provisions of Pa.R.C.P. 1910.19(a), which states, in pertinent part

> Rule 1910.19. Support. Modification. Termination. Guidelines as Substantial Change in Circumstances
>
> (a) A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based. A new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances. The existence of additional income, income sources or assets identified through automated methods or otherwise may also constitute a material and substantial change in circumstances.

Pa.R.C.P. 1910.19(a).

In evaluating Mother's claim, the trial court recognized, "[o]bviously, Father failed to comply with Pa.R.C.P. 1910.19(a)." Trial Court Opinion, 3/15/2011, at 4. However, Father's reason for seeking modification (his disability) was explored at the conference held some two months prior to the *de novo* hearing before the trial court. Mother had notice of the basis of Father's claims prior to the *de novo* hearing, thus the faulty petition for modification did not prejudice Mother.

■ Mother next claims her due process rights were violated when the trial court accepted Father's physician's information request form[3] into the record and

---

**2.** Father's September 23, 2010 petition for modification is a standard form, signed by Father, and filed with the Lancaster County Domestic Relations Section. It is undisputed that Father's petition did not set forth any material or substantial change in circumstances upon which the petition was based. Instead, Father merely circled the bullet point number 2 appearing next to the space provided for a petitioner to describe any change in circumstances he or she alleges form the basis of a petition.

**3.** The Lancaster County Domestic Relations Office sent a standard "Physician's Information Request" form to Father's doctor before the parties' support conference, requesting basic information regarding Father's alleged injury, his prognosis and course of treatment. Father authorized release of this information. The completed form was returned to the Domestic Relations Office on September 23, 2010 and indicated that Father had suffered a back injury, had undergone surgery, and had been "continuously disabled (unable to work)" since July 12, 2010. The form did not provide a timeline for Father's return to work. Physician's Information Request Form, 9/23/2010. The information provided on the form was summarized in Domestic Relations Officer's Summary of the Trier of Fact which, along with a copy of the Officer's Recommended Order, was mailed to Mother on October 20, 2010. Trial Court Opinion, 3/15/2010, at 8.

used its contents to calculate support. Our law is clear that,

> [i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction ... one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*Hong v. Pelagatti,* 765 A.2d 1117, 1123 (Pa.Super.2000). Based on the above precedent, the trial court found Mother's second issue waived for failure to object to admission of the physician's information request at the *de novo* hearing. The trial court recognized the physician's information request as a classic hearsay statement, to which Mother bore the burden of objecting.[4] Trial Court Opinion, 3/15/2011, at 8–9. Mother failed to do so. Based upon our review of the record, we conclude that Mother has failed to preserve this issue for appeal.

Order affirmed. Jurisdiction relinquished.

Judge DONOHUE files a Dissenting Opinion.

---

**4.** Given the cost of securing the testimony of a physician, either in court or via deposition, running into thousands of dollars, it is unrealistic to expect that any but the wealthiest support litigants will be able to afford to pay. Except in the criminal context where hearsay can violate the Confrontation Clause, U.S.

## DISSENTING OPINION BY DONOHUE, J.:

Because I disagree with the Majority's conclusions that Father's faulty petition for modification was sufficient to institute the present modification proceedings and did not prejudice Mother, I respectfully dissent.

As the Majority recognizes, our Rules of Civil Procedure governing support actions explicitly require that a party seeking the modification of a support order "specifically aver the material and substantial change in circumstance upon which the petition is based." Pa.R.C.P. 1910.19(a). It is uncontested that not only did Father fail to "specifically aver" the changes in circumstance that led him to file for modification, but he failed to include any averment—any indication at all—as to why he was seeking a modification in his child support obligation. As this Court recently stated,

> Due process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate setting. *Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed judgment.*

*Brickus v. Dent,* 5 A.3d 1281, 1286 (Pa.Super.2010) (citations omitted) (emphasis added).

In my view, Father's failure to include averments detailing, or even intimating, the basis for his petition, deprived Mother

---

Const. Amend. IV, the inadmissibility of hearsay is not constitutionally mandated. We suggest that the Domestic Relations Rules Committee consider a rule analogous to Pa.R.C.P. 1311.1 dealing with the admissibility of expert reports in arbitration appeals.

of the opportunity "to prepare and thereafter properly advocate" her position at the conciliation, which was the initial support modification proceeding. More troubling to me, however, is that when Mother appeared at the initial proceeding, she objected to the fact that Father had not alleged the circumstances underlying his petition. At that juncture, the conference officer (hereinafter "domestic relations officer") should have dismissed Father's petition because it was patently defective in violation of Pa.R.C.P. 1910.19(a). Permitting the modification proceedings to go forward was, in my opinion, a blatant disregard for the law.

I reach this conclusion because these support proceedings are court proceedings like any other. Our Supreme Court has promulgated rules governing the conduct of court proceedings, and we are bound to follow them. By not adhering to the rules and not making Father face repercussions for his failure to abide by the rules, we are blessing this slack procedure and effectively telling litigants that they need not adhere to the rules. I also note that failing to enforce the pleading rule assures that an aggrieved party will file for a hearing *de novo*, therefore increasing rather than decreasing the burden on the trial court. Ostensibly, the conciliation procedure in support actions is intended to encourage settlement between parties and to resolve the matter without having to appear before the trial court. In this instance, because Mother was not provided with any notice as to the nature of Father's alleged change of circumstance prior to the conciliation and was then faced with a decrease

in the amount of support she received at the conclusion of the conciliation, there was virtually no chance that she would not seek further review by the trial court. Alternatively, had the domestic relations officer dismissed Father's petition (as required by the Rules), Father could have immediately refilled a petition for modification, adequately detailing his alleged change in circumstance. Not only would this procedure not have prejudiced either party, but it would have provided a better chance for settlement at the conciliation, as Mother would have entered with an understanding as to the basis of Father's claim.[1]

Moreover, and importantly, following the *de novo* hearing, the trial court crafted a two-tiered order in which Father's support obligation remained at the decreased amount of $569.75 per month (as determined by the domestic relations officer at the conciliation) for the period between Father's filing of his defective petition through November 29, 2010, but then increased his obligation to $909.42 per month for November 30, 2010, forward.[2] Because I conclude that it was an error of law for the proceedings to commence without proper notice to Mother and that Mother was prejudiced as a result, I would reverse the portion of the trial court's order that allows Father's support obligation to remain reduced for a period between the hearing officer's determination and the *de novo* review.

Finally, with regard to the Majority's conclusion that because Mother was apprised of the nature of the basis for Father's modification petition at the initial

---

1. I note that Mother indicated during the *de novo* hearing that if she had been provided with the physician's letter that Father submitted in support of his claim and it indicated a change in circumstance, she would have agreed to adjust his support obligation accordingly. N.T., 12/10/10, at 29.

2. It is apparent that the trial court elected to increase Father's obligation as of November 30, 2010 because that is the date that he began working a new, full-time position with Cumberland Truck Equipment Company. N.T., 12/10/10, at 4.

proceeding Mother suffered no prejudice at the *de novo* hearing, I cannot agree. I note that at the initial proceeding, the domestic relations officer refused to allow Mother to see the correspondence from Father's physician detailing the nature of his injury, and that despite repeated requests, Mother was not provided with a copy of this letter until the midst of the *de novo* hearing, two months later. *See* N.T., 12/10/10, at 7–8. Mother was therefore deprived of the information that formed the basis of the hearing officer's decision, thereby impacting her ability to effectively prepare for the *de novo* hearing. As she stated multiple times at the *de novo* hearing, Mother was unable to provide this letter—Father's only medical evidence of a change in circumstance—to her lawyer, who she sought to have assist her in "figur[ing] out whether we can even allow it to be part of this case[,]" or whether there truly was a change in circumstance. *Id.* at 14, 29. Mother is precisely right; without benefit of knowing the content of the letter Father used as the crux of the evidence for his petition to modify, Mother was unable to devise any strategy as to how to respond. In my opinion, this clearly prejudiced Mother.[3]

For these reasons, I respectfully dissent.

J.C.B., Appellant

v.

---

**3.** Mother filed a request for discovery on November 24, 2010 in advance of the December 10, 2010 *de novo* hearing. It does not appear from the record that the trial court ever ruled on it.