J-A31027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| C.S.W. | |
| Appellant | No. 144 MDA 2014 |

Appeal from the Order Entered December 23, 2013
In the Court of Common Pleas of Dauphin County
Domestic Relations at No(s): 2012-CV-03589-SU
PACSES NO. 148113311

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 09, 2014**

C.S.W. appeals from the order entered on December 23, 2013,

ordering C.S.W. to pay child and spousal support.[1]  Following a thorough

_____

[1] Our standard of review for a support orders is well-settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

***Summers v. Summers***, 35 A.3d 786, 788 (Pa. Super. 2012) (citation omitted).
*(Footnote Continued Next Page)*

review of the submissions by the parties, the relevant law, and the certified record, we affirm on the basis of the trial court opinion.

We note that there are significant problems with both C.S.W.'s brief and the Pa.R.A.P. 1925(b) statement. The totality of these problems renders us unable to conduct a proper legal analysis of C.S.W.'s arguments as presented.[2]

Similarly, the 1925(b) statement[3] submitted by C.S.W. was 25 pages long, containing 50 issues and sub-issues. While we have the authority to find all issues waived when such a 1925(b) statement has been filed,[4] here, the trial court distilled the claims to three properly preserved and argued issues. They address questions of M.W.'s income and earning capacity, unreported income and extracurricular expenses, and allocation of support. Because the trial court has addressed those issues, our ability to conduct appellate review has not been totally hindered by C.S.W.'s deficient

_(Footnote Continued)_ ─────────────

[2] *In re A.B.*, 63 A.3d 345 (Pa. Super. 2013) (meaningful review not possible when appellate court must guess what issues are being appealed).

[3] Pa.R.A.P. 1925(b) refers to this document as a "**concise** statement of errors complained on appeal." (emphasis added).

[4] *See Jiricko v. Geico Ins. Co.*, 947 A.2d 206 (Pa. Super. 2008) (waiver appropriate for five page incoherent submission); *Tucker v. R.M. Tours*, 939 A.2d 343 (Pa. Super. 2007), *aff'd* 977 A.2d 1170 (Pa. 2009) (waiver appropriate for 26 page, 76 paragraph plus exhibits submission); *Jones v. Jones*, 878 A.2d 86 (Pa. Super. 2005) (waiver appropriate for filing 7 page, 29 paragraph unmanageable statement).

submissions.  *See Kern v. Kern*, 892 A.2d 1 (Pa. Super. 2005) (Appellate court may address issues when failure to follow appellate rules does not hamper review).  Accordingly, we limit our review to those issues identified and addressed by the trial court.

Our review of the certified record and relevant law reveals no abuse of discretion or errors of law attendant to the rulings on those issues identified and addressed by the trial court.  *See* Trial Court Opinion, 4/16/2014, at 5-11.  Accordingly, we adopt the trial court's well-reasoned decision as dispositive of the discernible issues raised in this appeal.  The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2014