J-S18003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.E.U., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| G.W.U., JR., | |
| Appellant | No. 1536 MDA 2015 |

Appeal from the Order Entered August 18, 2015
In the Court of Common Pleas of Lancaster County
Domestic Relations at No(s): 2010-01855

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED MARCH 18, 2016**

G.W.U. Jr. appeals from the August 18, 2015 order denying his petition to modify a support order.  We affirm.

On June 28, 2010, S.E.U., who has not filed a brief in this appeal, instituted this action by filing a complaint seeking child support against Appellant for the parties' three minor children, who were then fourteen, twelve, and nine years old.  She amended the complaint to seek spousal support.  On August 4, 2010, an interim support order was entered retroactive to June 28, 2010; arrearages were $3,854.14.  Appellant's monthly income was computed as $4,557.38, Appellee had no income imputed to her, and Appellant was ordered to pay $1,822.95 in monthly spousal and child support.

_____
* Retired Senior Judge assigned to the Superior Court.

The August 4, 2010 interim support order reflected "a downward deviation of $455.75/month" from the applicable support guidelines "in the consideration of [Appellant's] fixed monthly obligations." Interim Order, 8/4/10, at 3. Specifically, Appellant was paying the mortgage, a car loan, and a loan secured during the marriage. Appellant was also ordered to provide health insurance coverage, which was paid by his employer, for his wife and children. At the time this order was entered, Appellee was unemployed, having been terminated from her last job. She was attending Consolidated School of Business, with an anticipated graduation date in 2011, and seeking employment. No appeal was filed from the August 4, 2010 order.

The record reflects that Appellant failed to comply with the support order. As of March 7, 2012, he was $35,681.55 in arrears and his last payment, $905.80, had been made on October 20, 2010. As a result, his driver's license was suspended. On March 25, 2013, for reasons that do not appear of record, the court restored Appellant's driving privileges.

On July 11, 2013, the Domestic Relations Section of the Court of Common Pleas of Lancaster County sent a notice of proposed modification to the child and spousal support based upon the following. Appellant was incarcerated in a state correctional institution on charges of corruption of a minor, incest, and indecent assault. One of his children was the victim of those offenses. His earliest date of release was August 28, 2044. In

addition, the parties had divorced, and the oldest child was emancipated. At that time, Appellant had $64,759.40 in arrearages. The Domestic Relations Section proposed to modify the support order "to a non-financial obligation [for further support] as Defendant is incarcerated with no known income or assets on which to base a financial obligation." Notice of Proposed Modification, 7/11/13, at 3. However, the Domestic Relations Section asked that Appellant be required to pay $20.00 per month on arrears and $5.00 per month in fees. *Id*. On August 16, 2013, the court entered an order, effective July 10, 2013, requiring Appellant to pay the requested amount on arrearages and fees.

Appellant contested that order, claiming that he had no arrears when he was incarcerated on September 17, 2010, and asking that he not be ordered to pay the $25 a month. On October 28, 2013, the court denied that request and modified the arrearages payment upward to $100 per month. No appeal was filed from the October 28, 2013 order.

On June 4, 2015, Appellant filed a petition to terminate the $100 per month that he had been ordered to pay on arrearages. Appellant claimed to have no income since his incarceration and that arrearages should not have been imposed for any time after September 17, 2010, when he was first imprisoned. He also averred that his prison wages were being attached to satisfy the monthly obligation imposed on October 28, 2013. That petition was denied on July 7, 2015.

On July 15, 2015, Appellant filed a "Motion for the Court to Terminate Child Support order or Schedule a Timely Hearing Thereon." That request was treated as an appeal, and, on July 16, 2015, the court scheduled a hearing for August 18, 2015. It thereafter reaffirmed its July 7, 2015 order denying Appellant's June 4, 2015 petition to terminate the $100 monthly obligation on support arrearages. This appeal followed. The question presented on appeal is: "Did the lower court commit an abuse of discretion or an error of law in refusing to modify defendant's support order?" Appellant's brief at 6.

Our standard of review in this context is settled. "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." **Summers v. Summers**, 35 A.3d 786, 788 (Pa.Super. 2012). The trial court has broad discretion in this area, and we do not override that discretion "absent an abuse of the discretion or insufficient evidence to sustain the support order." **Id**. Discretion is abused only when "the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will[.]" **Id**.

In accordance with Pa.R.C.P. 1910.19, child support may be modified only upon a change of circumstances. **Id**. Specifically, Rule 1910.19,

Support. Modification. Termination. Guidelines as Substantial Change in Circumstances. Overpayments, states in pertinent part:

> (a) A petition for modification or termination of an existing support order **shall specifically aver the material and substantial change in circumstances upon which the petition is based**. A new guideline amount resulting from new or revised support guidelines may constitute a material and substantial change in circumstances. The existence of additional income, income sources or assets identified through automated methods or otherwise may also constitute a material and substantial change in circumstances.

Pa.R.C.P. 1910.19(a) (emphasis added). As we noted in **Summers**, **supra** at 789, "The burden of demonstrating a 'material and substantial change' rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion." **Id.**

In this case, Appellant asserts that his incarceration constitutes a change in circumstances. While the incarceration of a child-support obligor can be considered a change in circumstances, **Plunkard v. McConnell**, 962 A.2d 1227 (Pa.Super. 2008), Appellant fails to appreciate that he was incarcerated when the child support order that he seeks to modify was entered. Appellant was incarcerated in September 2010, and never sought modification of his support. Instead, in July 2013, the Domestic Relations Section, of its own accord, proceeded pursuant to Pa.R.C.P. 1910.19(f), so as to eliminate Appellant's ongoing monthly obligation. That rule states:

(f) Upon notice to the obligee, with a copy to the obligor, explaining the basis for the proposed modification or termination, the court may modify or terminate a charging order for support and remit any arrears, all without prejudice, when it appears to the court that:

(1) the order is no longer able to be enforced under state law; or

(2) the obligor is unable to pay, has no known income or assets and there is no reasonable prospect that the obligor will be able to pay in the foreseeable future.

Pa.R.C.P. 1910-19(f). In **Plunkard**, we concluded that this subsection, which was added in 2006, was designed to aid incarcerated defendants who do not have the ability to pay child support.

Herein, in 2013, when Appellant already was incarcerated, his ongoing monthly support obligation was extinguished. On October 28, 2013, a support order was entered mandating that Appellant pay $100 per month on the outstanding arrearages. Appellant did not file an appeal from the order. In 2013, Pa.R.C.P. 1910.19(f) was in effect, and Appellant could have appealed at that time and asked this Court to overrule the trial court's decision and erase any arrearages accruing during his incarceration. He failed to do so. Thus, Appellant's continuing incarceration did not constitute a change in circumstances as of June 4, 2015, when the present petition for modification of the October 28, 2013 order was filed. The trial court did not abuse its discretion in so concluding. **See** Trial Court Opinion, 10/28/15, at 5 ("The Court therefore dismisses the Appellant's [June 4, 2015] petition for failure of changing circumstances").

- 6 -

On appeal, Appellant invokes **Plunkard**.  Therein, the child support obligor was in jail and asked for a retroactive modification of his support arrears for the period that he had been imprisoned.  His request was premised upon a change in the law.  Specifically, when the obligor was placed in jail in 2003, a parent's incarceration was not considered a material and substantial change in circumstances that justified modification or termination of a support obligation.  In 2006, the law was altered by the enactment of Pa.R.C.P. 1910.19(f).  The trial court permitted the obligor to invoke that rule and erased his arrears based upon that change in the law. We affirmed on appeal.

Herein, Appellant's attempt to apply **Plunkard** fails.  He was incarcerated in 2010, after the 2006 enactment of Pa.R.C.P. 1910.19(f).  On October 28, 2013, the court entered an order requiring him to pay $100 on arrearages that had accrued while Appellant was in jail.  Appellant could have appealed the order refusing to release him from his arrearages obligation at that time.  When Appellant filed the present petition June 5, 2015, the law was no different than it was in 2013, and Appellant's circumstances, imprisonment, were the same.  Hence, there was no material and substantial change in circumstances permitting modification of the October 28, 2013 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2016