J-A11030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LUCRETIA MOYE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BAKARY NJIE | |
| Appellant | No. 1591 EDA 2015 |

Appeal from the Order Entered April 29, 2015
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 01-70094
PACSES 103103717

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 06, 2016**

Appellant, Bakary Njie (Father), appeals from the April 29, 2015 order granting in part and denying in part his petition for special relief, seeking modification of his child support obligation due to Appellee, Lucretia Moye (Mother).  After careful review, we affirm.

A summary of the history of this case follows.[1]  The parties are parents of a son (Child) who was the subject of a support case initiated in Philadelphia, Pennsylvania in 2001, with a final order issued in July 2004. Mother and Child reside in Philadelphia and Father resides in Atlanta,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] For the purpose of this recitation, we glean the history of this case from the summaries provided by the trial court's September 3, 2015 opinion and Father's brief, due to the paucity of the certified record as discussed *infra*.

Georgia. Pursuant to the Uniform Interstate Family Support Act (UIFSA), the Pennsylvania support order was registered in Georgia as a responding state and tribunal. ***See generally*** 23 Pa.C.S.A. §§ 7101-7901. On November 17, 2008, the Georgia court closed the case and set arrears at zero.

On September 22, 2011, Father was the victim of a shooting that left him permanently disabled. Father thereafter sought and was awarded Social Security Disability Income (SSDI). On April 19, 2012, the Philadelphia Domestic Relations Office (DRO) administratively reinstated the support order retroactive to November 17, 2008, because the order had been terminated by Georgia in error. On December 1, 2014, the underlying support order was terminated effective November 17, 2014, upon the Child turning 18 years of age, but an arrears only order was entered for $645.48 per month.[2]

Thereafter, Father's retroactive lump sum payment of his SSDI was garnished by the DRO, which Father asserts was the first he became aware that the Georgia termination order had been reversed. Subsequently, Father filed a petition for special relief on March 11, 2015, and an amended petition for special relief on April 13, 2015. On April 29, 2015, the trial court held a hearing on Father's petitions, with Father to appear telephonically. After an attempt to call Father at the commencement of the hearing found him

_____

[2] The accumulated arrears at the time exceeded $50,000.00.

unavailable, the hearing proceeded in his absence. At the conclusion of the hearing, the trial court denied Father's request to discharge the current arrears, denied Father's request to modify the basic child support retroactive to the date of Father's disability, and denied Father's request to designate the matter as complex in order to permit discovery. The trial court did grant Father's request for an audit of his support case and granted a reduction in Father's monthly arrears payment from $645.48 per month to $300.00 per month. Father filed a timely notice of appeal on May 28, 2015.[3]

On appeal, Father raises the following issues for our review.

> [1.] Did the Trial Court abuse its discretion when it failed to allow [Father] a hearing on the question of whether the state of Georgia had the authority to terminate [Father's] child support obligation, and whether the Commonwealth of Pennsylvania erroneously reinstated the underlying child support order?
>
> [2.] Did the Trial Court abuse its discretion by not allowing [Father] to offer evidence that the Order exceeds his Social Security Disability payments and as such the Order exceeds the [Self Support Reserve (SSR)]?
>
> [3.] Did the Trial Court abuse its discretion by not designating this matter as complex and allowing [the] parties to engage in discovery so that [Father] could see changes in [Mother's] income since the entry of the Order in 2004?
>
> [4.] Did the Trial Court abuse its discretion by not eliminating and remitting all arrears accrued on this

---

[3] Father and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> account since the time that [Father] became disabled?

Father's Brief at 3.[4]

We initially note that the certified record provided to this Court contains only the trial court's September 3, 2015 opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), together with a "case financial summary" attached as a court exhibit.[5] This Court has long admonished as follows.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

**Commonwealth v. Preston**, 904 A.2d 1, 6–7 (Pa. Super. 2006) (*en banc*). Furthermore, it is the responsibility of the appellant to ensure the completeness of the certified record. **Id.** at 7.

_____

[4] Mother did not file an appellee brief.

[5] On July 15, 2015, this Court, *per curiam*, issued an order directing Father to order and pay for the trial court transcripts no later than July 24, 2015. We issued a second *per curiam* order on July 31, 2015, acknowledging that Father had complied. The transcript, however, was not forwarded by the prothonotary to this Court. Father has included a copy in his reproduced record. As Father was not on notice the transcript was not supplied to us, we conclude Father is not at fault for this gap in the certified record. Nevertheless, even considering the transcript as discussed within, we conclude Father is not due any relief.

The certified record consists of the "original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court." Pa.R.A.P.1921. Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

*Id.*; *see also* Pa.R.A.P. 1931 cmt. (noting appellant is responsible to take steps to correct any omissions from the list of record documents prepared for transmission to this Court by the clerk of the trial court). For these reasons we could deem Father's issues on appeal waived. *See Preston*, *supra*.

To the extent Father's issues are reviewable on the existing certified record and transcript, we note the following.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Summers v. Summers*, 35 A.3d 786, 788 (Pa. Super. 2012), *quoting Krebs v. Krebs*, 944 A.2d 768, 772 (Pa. Super. 2008) (internal citation omitted).

Father first asserts the trial court abused its discretion when it failed to afford Father a hearing on whether Georgia had the authority to terminate Father's support obligation in 2008 and whether Pennsylvania was correct in administratively reinstating the support order in 2012. Father's Brief at 9. Father claims the trial court inappropriately relied on laches in refusing to address the issue. *Id.* We conclude the extant record and the applicable statutory law belie Father's assertions.

First we note that while Pennsylvania reinstated Father's support order administratively on April 19, 2012, Father was granted a hearing on his modification motion on April 29, 2015. Contrary to Father's assertion, at the April 29, 2015 hearing Father never asked the trial court to address the propriety of Georgia's termination or Pennsylvania's reinstatement of the support order. The only mention of the Georgia action occurred as follows.

> **THE COURT**: I have it. I have -- first of all, the arrears are $14,635.32 which are all – they're all owed to the obligee here. There are no welfare arrears. Let me ask you a question, under what authority do you have to join the Philadelphia County Domestic Relation Section as an additional defendant or respondent?

> **[FATHER'S ATTORNEY]**: My understanding from reviewing your records, Judge, is that the Domestic Relations Section transferred this under the interstate proceedings to Georgia where there was some litigation, but ultimately it was closed because the Domestic Relation Section refused to comply or cooperate with Georgia. And the reason that this is important, Judge, is because ultimately the facts of the case are pretty sad. Mr. Njie, in 2011 was shot and injured and as a result,

he's been disabled and he is receiving disability benefits.

N.T., 4/29/15, at 4-5.

Discussion then took place about the amount of Father's SSDI payments, and the issue of Georgia's termination was not mentioned again. Furthermore, the trial court's later reference to laches was in response to Father's claim that Mother had failed during the life of the support order to report any changes in her income. The trial court did not mention laches in connection with the termination and reinstatement of the order. *Id.* at 9-10. We therefore conclude that the trial court did not preclude Father from having a hearing on this issue. Rather, Father has waived the issue by failing to present it to the trial court when he had an opportunity to do so. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Furthermore, we conclude Father's legal position is without merit. In support of his contention that Georgia, as the responding tribunal, possessed the authority to modify the support order, Father cites Ga. Code Ann. § 19-11-124. That statute provides in pertinent part as follows.

### § 19-11-124. Duties and powers of responding tribunal

(a) When a responding tribunal of Georgia receives a petition or comparable pleading from an initiating tribunal or directly pursuant to subsection (b) of Code Section 19-11-120, it shall cause the petition or pleading to be filed and notify the petitioner where and when it was filed.

(b) A responding tribunal of Georgia, **to the extent not prohibited by other law**, may do one or more of the following:

(1) Establish or enforce a support order, modify a child support order, determine the controlling child support order, or determine parentage of a child;

…

(4) Determine the amount of any arrearages and specify a method of payment;

…

Ga. Code Ann. § 19-11-124 (emphasis added). Father fails to cite the controlling portion of Georgia's enactment of UIFSA, to wit, as follows.

**§ 19-11-170. Modification of child support order of another state**

(a) If Code Section 19-11-172 [(pertaining only to situations where all parties and the children reside in Georgia)] does not apply, upon petition a tribunal of Georgia may modify a child support order issued in another state which is registered in Georgia if, after notice and hearing, the tribunal finds that:

(1) The following requirements are met:

(A) Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state;

(B) A petitioner who is a nonresident of Georgia seeks modification; and

(C) The respondent is subject to the personal jurisdiction of the tribunal of Georgia; or

(2) This state is the residence of the child or a party who is an individual, is subject to the personal jurisdiction of the tribunal of Georgia, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.

…

Ga. Code Ann. § 19-11-170.

Clearly, at the time Georgia terminated Father's support order, both Mother and the Child continued to reside in Pennsylvania. Therefore, the conditions of Section 19-11-170(a)(1)(A) and (B) were not met. Additionally, Mother never consented to Georgia assuming continued exclusive jurisdiction, so Section 19-11-170(a)(2) did not apply. We thus conclude Georgia lacked authority to modify the support order, and Pennsylvania was not bound to recognize the termination. 23 Pa.C.S.A. § 7612. For these reasons, we discern no abuse of discretion by the trial court in not revisiting the issue of the April 19, 2012 reinstatement of the underlying support order.

In his second and fourth issues Father claims the trial court abused its discretion by not allowing him to offer evidence of his SSDI income, by declining to discharge all arrears, or alternatively by setting a monthly support obligation on arrears that exceeds his SSR. Father's Brief at 12. Again, our review of the transcript belies Father's assertion. First, Father did not make himself available to participate in the hearing via telephone

despite adequate notice of the hearing. N.T., 4/29/15, at 3. Furthermore, during the course of the hearing, Father's counsel indicated to the trial court that he had documentation of amounts Father received in SSDI. *Id.* at 6, 10, 11. However, counsel never offered those documents into evidence, and nowhere in the record did the trial court preclude Father's attorney from doing so. *See generally id.* Remission of arrears by a trial court is permitted only where an order is unenforceable or where "the obligor is unable to pay, has no known income or assets and there is no reasonable prospect that the obligor will be able to pay in the foreseeable future." Pa.R.C.P. 1910.19(f). Father has not met this burden. Consequently, we conclude, based on the state of the record before it, that the trial court did not abuse its discretion in declining to remit Father's arrears or in reducing Father's monthly arrears payment from $645.48 to $300.00.

Father finally claims the trial court abused its discretion by denying his request to designate the case as complex and permitting him to engage in discovery. Father's Brief at 13; *see* Pa.R.C.P. 1910.9, 1910.12(c). We agree with the trial court's determination "that a designation of this support matter as complex was not necessary or appropriate because the establishment or modification of a running support order was not at issue, []Father had been making payments on an arrears only order, [and] he has verifiable income from his Social Security disability benefits." Trial Court Opinion, 9/3/15, at 8.

For all the foregoing reasons, we conclude Appellant's issues on appeal are either waived or without merit. We discern no abuse of discretion by the trial court in denying in part Father's petition for special relief. Accordingly, we affirm the trial court's April 29, 2015 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016