J-A11024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JENNA MARIE BELL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND DENNIS IGNOSH, JR.. | |
| Appellant | No. 2377 EDA 2021 |

Appeal from the Order Entered October 27, 2021
In the Court of Common Pleas of Lehigh County
Domestic Relations at No.: DR-20-00215; PACSES 668117923

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2022**

Appellant Raymond Dennis Ignosh, Jr. ("Father") appeals from the October 27, 2021 order entered in the Court of Common Pleas of Lehigh County ("trial court"), denying his exceptions to a hearing officer's report and recommendation.  Upon review, we reverse and remand for further proceedings.

The facts and procedural history of this case are undisputed.  Briefly, Appellee Jenna Marie Bell ("Mother") petitioned for modification of an existing support order.  Mother sought from Father an increase in support payments for their two minor children.  On June 9, 2020, the trial court ordered the parties to appear before a hearing officer on July 20, 2020 and to bring along, among other things, certain documents in support of their respective incomes.

Following the hearing, the hearing officer prepared a report and recommendation, wherein the officer observed in pertinent part:

> The only documentation provided by [Father] with regard to expenditures offsetting gross receipts were exhibits D-2 through D-8. These exhibits represent payments made to the owners of insurance firms that had been acquired by [Father's] business in calendar year 2018. Ordinarily, a copy of the cancelled check would be required. However, since exhibits D-2 through D-8 clearly set forth specific payments, and the reason for the payments, and the fact that these exhibits are consistent with the testimony offered by the accountant, the undersigned hearing officer will offset [Father's] gross receipts based upon the expenditures set forth in D-2 through D-8. The payments represented on D-2 total $14,000.00. The payments made on D-3 total $50,000.00. The payments made on D-4 total $413,333.32. The payments on D-5 total $750.00. The payments on D-6 total $70,000.00. The payments on D-7 total $25,000.00. The payments on D-8 total $22,500.00. These figures constitute the only expenses which were documented by [Father]. As a result, these are the only expenses that can be utilized to offset [Father's] gross receipts.

Summary Report, 8/13/20, at 4-5. On August 14, 2020, the trial court entered an order, largely adopting the hearing officer's recommendations. The August 14 order determined that Father had a net monthly income of $73,347.70 and owed $6,976.39 in monthly support obligations. On September 1, 2020, Father filed exceptions to the trial court's August 14, 2020 order. Specifically, Father claimed that the hearing officer erred in failing to allow the record to remain open following the July 20 hearing so that Father could submit copies of receipts for all expenses that were used to offset the gross income of Father's business. In support, Father argued that, because

of closures caused by COVID-19, Father's counsel missed an order directing Father to produce certain financial documents.

On November 2, 2020, the trial court granted Father's exceptions relating solely to the hearing officer's refusal to hold open the record and vacated its August 14 order. The court dismissed as moot Father's remaining exceptions and remanded the matter to the hearing officer.

On May 3, 2021, the officer conducted another hearing, following which the officer determined on May 26, 2021 that Father had a net monthly income of $21,858.71 and owed $2,218.27 in child support obligations. On June 3, 2021, the trial court entered an order, adopting the hearing officer's May 26 recommendations.

On June 24, 2021, Father filed exceptions to the trial court's June 3 order. Specifically, Father argued that the hearing officer erred in failing to consider exhibits D-2 through D-8, relating to business expenses, which were introduced and admitted previously at the July 20, 2020 hearing. Father further argued that the hearing officer erred in failing to treat the May 3, 2021 hearing, which the trial court ordered to allow Father to introduce additional documents, as a continuation of the July 20, 2020 hearing. Thus, Father requested that the trial court remand the matter to the hearing officer for purposes of recalculating Father's income based on previously admitted exhibits D-2 through D-8. On October 27, 2021, the trial court denied Father's exceptions. Father timely appealed. The trial court did not direct him to file a Pa.R.A.P. 1925(b) statement.

On appeal,[1] Father essentially argues that the trial court erred in denying his exceptions to the June 3, 2021 order and failing to remand this matter to the hearing officer with instruction to consider previously admitted exhibits D-2 through D-8 in calculating his income and support obligations.[2] In support of its decision, the trial court reasoned:

> On **remand**, [Father] presented business expense evidence but did not present other relevant evidence that [Father] states he had previously presented. The hearing officer held that he could only make a decision based on the evidence and record currently before him and, accordingly, entered his decision. This [c]ourt agreed that in a hearing, the [c]ourt can only make decisions based on the evidence presented at that hearing and of record in the case. Therefore, the [c]ourt did not find that the hearing officer committed an error of law or abuse of discretion in his decision and denied [Father's] exceptions.

Trial Court Opinion, 12/14/21, at 1-2 (emphasis added).

Here, based upon our review of the entire record, we are constrained to agree with Father. The May 3, 2021 hearing was made necessary only

---

[1] Our standard of review of child support orders is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

**Summers v. Summers**, 35 A.3d 786, 788 (Pa. Super. 2012).

[2] Mother did not file an appellate brief.

- 4 -

because the trial court expressly granted Father's exceptions to the August 14, 2020 order. In particular, the trial court agreed with Father's contention that the hearing officer erred at the July 20, 2020 hearing when the officer failed to **allow the record to remain open** for the limited purpose of permitting Father to produce additional documents. Thus, the trial court vacated its August 14 order and **remanded** the case to the hearing officer to allow Father an opportunity to submit copies of receipts for all expenses that were used to offset the gross income of Father's business.

Contrary to the hearing officer's suggestion, the trial court did **not order a de novo hearing**. Indeed, the May 3, 2021 hearing was simply a continuation of the July 20, 2020 hearing. It was limited in scope and ordered to allow Father an opportunity to submit additional documents. As a result, we cannot accept the trial court's and the hearing officer's contention that evidence previously introduced and admitted at the initial hearing had to be re-introduced and re-admitted at the May 3, 2021 hearing. Not only can we not find any basis in law to support this contention, but to embrace it would be tantamount to sanctioning a waste of judicial resources and economy. We are not prepared to do so. Accordingly, we reverse and remand this matter to the trial court with direction to order the hearing officer to consider all previously introduced and admitted evidence from both the July 20, 2020 and May 3, 2021 hearings in calculating Father's income and support obligations.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/29/2022</u>