J-S01033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STACI E. MINNICH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY W. URYC JR. | : | |
| | : | |
| Appellant | : | No. 1162 MDA 2023 |

Appeal from the Order Entered June 29, 2023
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s):  1855-2010

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY KUNSELMAN, J.: **FILED: OCTOBER 9, 2024**

The majority concludes that Uryc needed to show a change of circumstances to modify his monthly support arrears.  Typically, this is true.  **See Summers v. Summers**, 35 A.3d 786, 789 (Pa. Super. 2012); **see also** 23 Pa.C.S.A. § 4352(a); **and see** Pa.R.C.P. 1910.19.

However, because more than three years had elapsed since Uryc's prior support order, he was not required to show a change of circumstances; instead, he was entitled to a *de novo* review of his support obligation.  **See** 23 Pa.C.S.A. § 4352(a.1); **see also Hall v. Bartron**, 2024 PA Super 172, 2024 WL 3711126 (Pa. Super. Aug. 8, 2024).  Because I believe the trial court and the Majority erred by requiring Uryc to offer proof of a change in circumstances, I dissent.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This Court recently held that requiring a change of circumstances when more than three years elapsed from the date of the last support order was an error of law. **Hall v. Bartron**, 2024 WL 3711126 at *7. By statute, Pennsylvania law entitles parties to a review of their support order upon request at least once every three years, without the need to show a change in circumstances.

Section 4352(a.1) of the Domestic Relations Code provides:

> **(a.1) Automatic review.** -- Upon request of either parent…each order of support shall be reviewed at least once every three years from the date of establishment or the most recent review. The review shall be for the purpose of making any appropriate increase, decrease, modification or rescission of the order. During the review, taking into the account the best interest of the child involved, the court shall adjust the order, **without requiring proof of a change in circumstances**, by applying the Statewide guidelines or a cost-of-living adjustment in accordance with a formula developed by general rule.

23 Pa.C.S.A. § 4352(a.1) (emphasis added).

Uryc's last order was entered on May 29, 2020, when the court directed that the case be placed on an arrears-only basis and required Uryc to pay $105 per month towards his arrears and fees. Uryc requested a modification in March 2023. By the time of his support hearing before the trial court on June 15, 2023, more than three years had elapsed since his prior support order. As such, the trial court should have reviewed the case anew, without requiring proof of a change in circumstances. Failure to look at the case anew was an error of law.

The trial court should have considered Uryc's present earnings of 61 cents per hour for 40 hours per week when determining the amount he should pay monthly toward his arrears.[1,2]  Because this was not done, I would vacate and remand for the trial court to make this determination.  For this reason, I dissent.

---

[1] I agree with the Majority that Uryc is collaterally estopped from relitigating the total amount of support that accrued prior to 2020.  Majority at 5-6.  My decision only pertains to the amount of arrears Uryc should be required to pay monthly.

[2] Although federal law (15 U.S.C. § 1673) caps the amount of wages that that can be garnished, this is not a factor when determining the amount an obligor should be ordered to pay.