**W.A.M.**

v.

**S.P.C., Appellant.**

**W.A.M.**

v.

**S.P.C., Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 2014.

Filed July 2, 2014.

Lance T. Marshall, State College, for appellant.

Frank S. Miceli, Lock Haven, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., OLSON, and STRASSBURGER *, JJ.

OPINION BY STRASSBURGER, J.:

S.P.C. (Father) appeals from two orders entered on September 30, 2013, in this child support matter. The first order de-

* Retired Senior Judge assigned to the Superior Court.

nied Father's petition for special relief without a hearing. Father also appeals from the trial court order dismissing Father's appeal from the decision of a domestic relations officer.[1] Upon review, we affirm.

■ Father and W.A.M. (Mother) were married on January 29, 1994. Together they had one child (Child) born in August 1995. While living in Missouri, the parties separated and eventually divorced. On September 6, 2001, Mother and Father entered into a settlement agreement (the Agreement), which provided, in relevant part, the following with respect to child support:

The child support is to begin on the 1st day of October, 2001 and is to be due payable on the 1st day of each month thereafter until the child is emancipated or the same is otherwise modified by the Court. Pursuant to the law of Missouri, a child is considered emancipated if the child:

a. Reaches the age of eighteen (18), unless the child is enrolled in and attending a secondary school program of instruction, then the support obligation shall continued [sic] until the child completes such a program or reaches the age of twenty-one (21), whichever first occurred. If the child has graduated from a secondary school, and if the child is enrolled in an institution of vocational or higher education not later than October 1st following such graduation and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his or her education, or until

the child reaches the age of twenty-two (22), whichever first occurs[.]

Settlement Agreement, 9/6/2001, at ¶ 7.

Furthermore, the Agreement provided that the "validity and construction of this agreement shall be determined in accordance with the laws of the State of Missouri." *Id.* at ¶ 34. Moreover, the Agreement also permitted Mother to move with Child to Pennsylvania. *Id.* at ¶ 3(J).

Mother and Child moved to Centre County, Pennsylvania in June of 2006, and on July 7, 2007, Mother filed a complaint for custody for the purpose of establishing jurisdiction. On September 5, 2007, the trial court entered an order assuming jurisdiction and providing that the custody schedule set forth in the Agreement shall continue to apply. A series of disputes with respect to Father's ability to exercise partial custody pursuant to the Agreement ensued.

On July 29, 2013, Father filed the petition for special relief at issue in this appeal. In that petition, Father asserted that Child had graduated from high school and would begin attending Lycoming College in the fall of 2013. Father averred that, due to Mother's lack of cooperation, he had had very little contact with Child over the years. In the petition, Father asserted that pursuant to Pennsylvania law, Child is now emancipated, and requested that he be permitted to discontinue child support. Father also requested that the trial court schedule a hearing on the petition.

On September 26, 2013, the trial court denied the petition after argument, but without hearing testimony. Father timely filed a notice of appeal. Both Father and the trial court complied with Pa.R.A.P. 1925.

1. On November 15, 2013, this Court *sua* *sponte* consolidated the appeals.

On appeal, Father sets forth the following issues for our review.

1. Did the trial court err when it denied the Petition for Special Relief filed by [Father] on July 29, 2013?

2. Did the trial court err when it failed to hold a hearing on the Petition for Special Relief filed by [Father] on July 29, 2013?

Father's Brief at 4.

■ Our standard of review of child support orders is well settled:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Summers v. Summers,* 35 A.3d 786, 788 (Pa.Super.2012) (citing *Krebs v. Krebs,* 944 A.2d 768, 772 (Pa.Super.2008) (internal citation omitted)).

First, Father contends that requiring him to pay child support while Child is attending college is unconstitutional in Pennsylvania as a violation of the Equal Protection Clause. Father's Brief at 10–12. Instantly, the trial court concluded that the issue of whether Father was required to pay child support while Child is attending college is a matter of contract law under these circumstances.

Father directs our attention to the seminal case of *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992), in which our Supreme Court held that a parent owes a duty of support until the child graduates from high school or turns 18, whichever occurs later. In response, in 1993, the Pennsylvania legislature passed 23 Pa.C.S. § 4327, which provided that divorced parents could be ordered to pay for post-secondary educational expenses. Subsequently, in *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265, 270 (1995), our Supreme Court concluded that this statute was unconstitutional because it permitted that "similarly situated young adults, *i.e.* those in need of financial assistance, may be treated differently" in obtaining post-secondary educational support from parents.[2] Thus, Father argues that the trial court erred in its attempt "to uphold a law passed in Missouri which requires [a parent pay support for] post-secondary education" because it is unconstitutional. Father's Brief at 12.

■ Father misunderstands the trial court's decision. "It is well established that a party may **contractually** assume a duty to support his or her child's post-secondary education." *Reif v. Reif,* 426 Pa.Super. 14, 626 A.2d 169, 173 (1993) (emphasis added).

This is so, despite *Blue's* holding that there is no legal duty to provide post-secondary educational support. Since Father's support obligation in this case is defined in the post-nuptial agreement, his duty is contractual, not legal. We must apply the law of contracts to interpret father's duty and, of course, the intent of the parties will control.

*Id.* (citations omitted).

As in *Reif, supra,* Father's duty to support child arises from the Agreement.

---

2. There is no statutory obligation for a parent in an intact family to pay for post-secondary education expenses.

Thus, we agree with the trial court that Father's duty to provide support during Child's post-secondary education is contractual and properly analyzed as such.[3]

▮▮▮ Next, Father contends the trial court erred by failing to hold a hearing on this matter that included his testimony. Father proposed to testify about the circumstances surrounding the entry of the 2001 Agreement. Father's Brief at 16; *see also* N.T., 9/29/2013, at 4–5. Father also contends that the trial court's determination that Father's "alleged lack of access to [Child was] not particularly relevant" was error. Father's Brief at 19.

In cases of a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.

*Kripp v. Kripp*, 578 Pa. 82, 849 A.2d 1159, 1163 (2004) (citations omitted).

Instantly, Father does not point out any place in the Agreement that the language is ambiguous or subject to different interpretations. Accordingly, we see no error in the trial court's conclusion that parol evidence, *i.e.* Father's testimony, was inadmissible in this case.

▮▮▮ Father also contends that the trial court erred in failing to hold a hearing because the doctrine of estrangement should apply under these circumstances. Father's Brief at 18–19. Specifically, Father contends that "if 'estrangement' is a factual determination, then the lower court abused its discretion by not having a hearing." *Id.* at 18.

We conclude that this argument does not entitle Father to any relief. Missouri law does not recognize estrangement as a factor that can be considered in terminating a parent's obligation to support a child, nor is it a ground for emancipation. *Carmack v. Carmack*, 947 S.W.2d 842 (Mo. App.1997). Thus, a hearing was not necessary for the trial court to conclude that estrangement is inapplicable in this matter.

Instantly, the Agreement is clear that Father is to provide support for Child until he is emancipated, with the definition of emancipation used being consistent with Missouri law at that time.[4] It is irrelevant that Mother and Child live in Pennsylva-

---

3. Father next contends, in anticipation of an argument raised by Mother, that the Uniform Interstate Family Support Act (UIFSA), 23 Pa.C.S. §§ 7101–7901, precludes Pennsylvania courts from enforcing a Missouri statute in Pennsylvania. Father's Brief at 12–15. Mother does raise an argument with respect to UIFSA, but argues that the provisions of UIFSA require Pennsylvania courts to apply the Missouri law as outlined in the Agreement. Mother's Brief at 4–9. UIFSA was not raised in Father's petition for special relief, at argument before the trial court, in Father's Rule 1925(b) statement, or in the trial court opinion. Accordingly, because "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[,]" we will not address this issue. Pa. R.A.P. 302(a).

4. That statute, codified at Mo. Ann. Stat. § 452.340(3), remains the same.

nia; that no party resides in Missouri; and that Pennsylvania law does not require a parent to support a child throughout college. Father and Mother entered into an unambiguous written agreement wherein they agreed on the definition of "emancipated," and the trial court did not abuse its discretion or commit an error of law by enforcing it.

Orders affirmed.