J. S83012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORRAINE McCALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LANCE A. THORNTON, | : | No. 535 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered March 21, 2016,
in the Court of Common Pleas of Erie County
Domestic Relations Division at Nos. NS201301113/PASCES
No. 486114105

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 22, 2016**

Lance A. Thornton appeals the March 21, 2016 order of the Court of Common Pleas of Erie County that made final the January 19, 2016 interim order of the Domestic Relations Section of the Court of Common Pleas of Erie County.

The trial court set forth the following factual and procedural history:

> On April 15, 2014, this Court assessed [appellant] with a monthly net earning capacity of $6,871.42.  The assessment was based upon [appellant's] prior employment with STNA and was the same earning capacity set for [appellant] on January 8, 2013 at PACSES Case 630109800.  As previously explained:
>
> > [Appellant] did not challenge the $115,000.00 earning capacity

---

* Retired Senior Judge assigned to the Superior Court.

assessment in January of 2013. Furthermore, [appellant's] circumstances have not changed since January of 2013. He owns and operates RainEater now, as he did then. RainEater allegedly operated at a loss in excess of $100,000 then as it allegedly does now. The only thing which has changed is that [appellant], inconsistent with his position of lack of income, is now building a $328,105.00 home. In sum, in early 2013 [appellant] accepted an assessment of [a] $115,000.00 annual earning capacity, yet by the end of the year he wanted the Court to believe that he was incapable of such income, even though his circumstances had not changed and he was capable of building a $328,105.00 home.

*See Opinion*, June 24, 2014 at 5-6. The Superior Court of Pennsylvania, by a December 3, 2014 Memorandum Opinion, affirmed the April 15, 2014 Order. See 790 WDA 2014.

Relevant to the present appeal, the Domestic Relations Section, on November 24, 2015, directed the parties to appear for a modification conference. Following the January 14, 2016 conference, at which both parties appeared, a January 19, 2016 Interim Order issued maintaining the parties' monthly net incomes from the April 15, 2014 Order, but reducing [appellant's] child support obligation based upon a new custody arrangement. Specifically, the Interim Order set forth as follows:

Recommending Order modified to $760/mo support for 1 child, Kendall effective 1/6/16 date of Custody Order. Order calculated based on defendant's income assessment remaining at $115,000/yrly in accordance with prior ruling by the Superior Ct. Plaintiff assessed total 2015 earnings plus

additional earning capacity of $6,344/yrly based on full time employment @ $9/per hr based on her age, education and current hourly pay. Order takes into account a split custody counterclaim and grants a downward deviation based on defendant's cost of health insurance for child in his home. Order to automatically reduce to $600/mo eff 2/1/16 to recoup an overpayment of $2,720 and shall remain for period of 17/mo. Effective 8/1/17 Order automatically reinstated to $760/mo. This temporary Order to become final in twenty days unless a demand for hearing is filed within the said twenty days.

[Appellant] filed a Demand for Court Hearing. On March 9, 2016, this Court presided over the *de novo* hearing. In addition to the testimony and evidence presented at the hearing, the Court requested, without objection from either party, that [appellant] provide to the Court all documents, filings and financial documents associated with the transfer of [appellant's] business, RainEater LLC, to newly created Erie Automotive Aftermarket Holdings, Inc. On March 21, 2016, this Court entered its Order making the January 19, 2016 Order a final order.

Trial court opinion, 6/6/16 at 1-3.

Appellant raises the following issue for this court's review: "The trial court erred and abused it's [sic] discretion in assessing the appellant's income at $6,871.42 a month and not assessing his income at a level consistent with income taxes and pay records." (Appellant's brief at 6.)

When reviewing a child support order, we employ the following standard of review:

> [T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*W.A.M. v. S.P.C.*, 95 A.3d 349, 352 (Pa.Super. 2014) (citations omitted). A finding of an abuse of discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Baehr v. Baehr*, 889 A.2d 1240, 1243 (Pa.Super. 2005). Additionally, the fact-finder, having heard the witnesses, is entitled to weigh the evidence and assess its credibility. *Id.* at 1245.

A court may modify a support order when the party who seeks modification shows a substantial and material change in circumstances since the last order was entered. *See* Pa.C.S.A. § 4352(a); *see also Summers v. Summers*, 35 A.3d 786, 789 (Pa.Super. 2012).

Appellant complains that the trial court erred when it assessed his earning capacity based on a job that he held years ago and ignored all evidence that his current company is going through hard times and his income is diminished. He concedes that when he worked for NASCAR and STNA, he made a high income. However, when he lost his job at STNA when his division was sold, he started his own company, RainEater. Appellant

further asserts that RainEater filed for bankruptcy. He was able to keep RainEater going but could not make it grow. He then transferred his shares to a group of investors and became an employee with a 45% ownership stake. At the hearing before the trial court, appellant presented pay stubs to demonstrate that he earns a gross bi-weekly salary of $2,667.24. Brian Hickey, the controller for the new company, testified that appellant does not have access to company funds and that the company was operating at a loss. According to appellant, the trial court abused its discretion when it determined that appellant failed to show any material or substantial change of circumstances since the April 15, 2014 order.

The trial court explained its determination:

> The Court remains unconvinced, however, that [appellant's] reported earnings present an accurate picture of his actual income in connection with his business interests.
>
> As Brian Hickey testified, Erie Automotive Aftermarket Holdings, Inc. was created for the purpose of overtaking RainEater. While RainEater was restructured, [appellant] clearly remains more than just an employee. First, inconsistent with [appellant's] testimony of a 45% interest in Erie Automotive Aftermarket Holdings, Inc., both the Form 2553 Election by a Small Business Corporation for Erie Automotive Aftermarket Holdings, Inc. and the minutes from the October 1, 2015 Organizational Meeting of Shareholders and Board of Directors indicate that [appellant] is an 82% shareholder of Erie Automotive Aftermarket Holdings, Inc. Moreover, while [appellant] allegedly reports to Jeff Fatica, who is the CEO, Jeff Fatica holds only 4% ownership in the Company and he and all other officers of Erie Automotive Aftermarket Holdings,

Inc. serve at the pleasure and under the direction and control of the Board of Directors. *See* Exhibit 7, *Bylaws of Erie Automotive Aftermarket Holdings, Inc.*; *see also Erie Automotive Aftermarket Holdings, Inc[.], Organizational Meeting minutes*, October 1, 2015. Meanwhile, [appellant] is one of only five voting members of the Board of Directors of Erie Automotive Aftermarket Holdings, Inc. *See Erie Automotive Aftermarket Holdings, Inc[.], Organizational Meeting minutes*, October 1, 2015. Furthermore, [appellant] admitted in his March 2016 testimony that, despite his lack of a formal leadership role in Erie Automotive Aftermarket Holdings, Inc., the employees of the company look up to him for guidance. This is clear as Brian Hickey, who was [appellant's] only other witness and supposedly serves as the Controller for the new company, lacked any knowledge about ownership interests in the company. Mr. Hickey attempted to explain his lack of insight as his role serving more of the day to day operations and employee payroll type of issues, yet [appellant] even had to correct Mr. Hickey on how payment for employee insurance works. In that regard, the Court is not convinced that [appellant] is merely an employee of Erie Automotive Aftermarket Holdings, Inc. with only $50,000 in income.

Accordingly, while the structure of [appellant's] business may have changed, the Court is not convinced that it has changed in a manner which changed [appellant's] income. [Appellant] has not been forthright regarding his interest and role with the business, continuing the appearance that his actual income is sheltered. In that regard, [appellant] failed to prove a material and substantial change of circumstances since entry of the April 15, 2014 Order.

Trial court opinion, 6/6/16 at 4-5.

Essentially, the trial court failed to find appellant credible. As fact-finder, that is the trial court's prerogative. It is not the role of this court

to reweigh the evidence and make its own credibility determinations. **See**

**Habjan v. Habjan**, 73 A.3d 630, 644 (Pa.Super. 2013). Further, the trial

court's conclusion that appellant owned 82% of Erie Aftermarket Holdings,

Inc., was supported by the evidence in the record. Because appellant was

not found credible, he failed to meet his burden of proof. Here, appellant

has failed to establish that the trial court abused its discretion when it

adopted the interim order as final.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016