J-A27029-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JEAN BAUER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT BAUER | : | |
| | : | |
| Appellant | : | No. 1690 WDA 2016 |

Appeal from the Order Entered October 7, 2016
In the Court of Common Pleas of Erie County Domestic Relations at No(s):
NS201201022 / PACSES NO. 370113298

| | | |
|---|---|---|
| JEAN BAUER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT BAUER | : | |
| | : | |
| Appellant | : | No. 360 WDA 2017 |

Appeal from the Order Entered February 17, 2017
In the Court of Common Pleas of Erie County Domestic Relations at No(s):
NS201201022/PACSES No. 370113298

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED DECEMBER 13, 2017

Robert Bauer ("Father") appeals from orders entered on October 7, 2016, and February 17, 2017, respectively. For the reasons set forth below, we affirm the October 7, 2016 order appealed at Superior Court docket

number 1690 WDA 2016, and we quash the appeal at Superior Court docket number 360 WDA 2017.[1]

## Appeal at 1690 WDA 2016

The record reveals that Father and Jean Bauer ("Mother") were married in 1995. Mother and Father are the parents of B.B., born in May of 1999, and M.B., born in March of 2002 (collectively "the Children"). Mother and Father separated in 2012. Beginning in 2012, the couple shared legal custody and had physical custody on a 50/50 basis. On May 31, 2016, Father filed a petition for modification of child support.

Conference Officer Kelly A. Krause held a support conference on July 6, 2016. Officer Krause concluded that Mother's monthly net income was $2,943.77 and Father's monthly net income was $3,725.60, and she ordered Father pay to the Pennsylvania State Collection and Disbursement Unit $1,016.30 per month, with arrears of $2,910.42 due in full immediately. Interim Order, 7/7/16. Father filed timely objections, and the trial court held a hearing de novo. Following the hearing, the trial court entered an order directing Father to pay $984.17 per month, including $874.67 for current child support and $109.50 for arrears. Order, 10/7/17.

_____

[1] On July 10, 2017, Father filed a motion to consolidate the appeals at 1690 WDA 2016 and 360 WDA 2017 as "[b]oth appeals relate to and involve the same child support issue in the same support case involving the same children." Motion to Consolidate, 7/10/17, at ¶2. This Court granted Father's motion and consolidated the appeals in an order filed on July 19, 2017.

Father filed a timely notice of appeal. Both Father and the trial court complied with Pa.R.A.P. 1925.

In this appeal, Father raises the following issues for this Court's consideration:

1. When determining child support pursuant to the Pennsylvania Child Support Guidelines, did the trial court judge misapply the law or otherwise commit reversible error by:

   a. Ignoring the 50/50 joint physical custody schedule set forth in the applicable permanent custody order, and relying instead on a temporary order suspending custody as to one child pending trial on Appellee's Petition for Custody Modification and on the appellee's unilateral exercise of 100% physical custody of the other child notwithstanding a contempt petition pending against her for violation of the applicable permanent custody order;

   b. Ignoring Appellee's income from the taxable distribution of an IRA account as reported on her tax return; and

   c. Instead of using Appellant's actual income as reported on his tax return, finding that Appellant had consented to use of an implied income equal to his salary at the time he was involuntarily terminated from his job in July 2015.

Father's Brief at 9 (internal footnote omitted).

Our standard of review is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law,

or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

W.A.M. v. S.P.C., 95 A.3d 349, 352 (Pa. Super. 2014) (citation omitted).

Father argues that the trial court: abused its discretion by ignoring the 50/50 custody arrangement and relied on a temporary custody order in determining the amount of child support owed; ignored Mother's 401(k) distribution; and erred in imputing Father an earning capacity of $60,000.00. We disagree.

The trial court addressed Father's issues as follows:

As to the Court's finding [Father's] earning capacity[2] to be $60,000 gross annually, [Father] consented to an earning capacity of $60,000 at the time of the September 2015 support conference, and has not demonstrated a change in circumstances which would justify a reduction.

An award of support, once in effect, may be modified via petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. See 23 Pa.C.S.A. § 4352(a); see also Pa.R.C.P. 1910.19. The burden of demonstrating a 'material and substantial change' rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion.

_____

2 "The determination of a parent's ability to provide child support is based upon the parent's earning capacity rather than the parent's actual earnings." Laws v. Laws, 758 A.2d 1226, 1229 (Pa. Super. 2000) (citation omitted). A party's age, education, training, health, work experience, earnings history, and childcare responsibilities are factors which shall be considered in determining earning capacity. Id. (citing Pa.R.Civ.P. 1910.16-2(d)(4)).

Plunkard v. McConnell, 962 A.2d 1227, 1229 (Pa. Super. 2008) citing Bowser v. Blom, 807 A.2d 830 (Pa. 2002) [(internal quotations omitted)].

Moreover, the Court notes that [Father] is an attorney with several years of experience, specifically in patent law. Therefore, the Court considered [Father's] age, education, training, health, work experience, earnings history, and child care responsibilities in determining his earning capacity to be $60,000. Thus, while [Father] claims he did not make $60,000 in 2015 or 2016, the Court finds that $60,000 is his earning capacity for support purposes.

As to the Court's determination that [Mother's] 401(k) distribution, included on [Mother's] 2015 income tax return, was not income for support calculation purposes, testimony at the September 23, 2016, de novo hearing established the 401(k) distribution was an equitable distribution pursuant to the parties' divorce and thus the amount is not considered income for purposes of determining child support.

> In determining income for support purposes, however, it is axiomatic that the trial court may not include income that constitutes marital property under 23 PA.CONS.STAT.ANN. § 3501, as such an action would foreclose the equitable distribution of those assets. We have explained that money included in an individual's income for the purpose of calculating support payments may not also be labeled as a marital asset subject to equitable distribution.

Berry v. Berry, 898 A.2d 1100, 1104 (Pa. Super. 2006) (citations and internal quotations omitted).

As to [Father's] argument that the Court erred in determining a child support amount inconsistent with the November 2015 Custody Order and disregarded the support provided by [Father] pursuant to the 50/50 physical custody, the Court notes that at the time of the September 23, 2016, de novo hearing the November 2015 Custody Order had been superseded by the Custody Order filed August 12, 2016.

Following a hearing[1] on [Mother's] Motion for Special Relief wherein the Court heard testimony from both parties and interviewed the children in chambers, the Court's August 12, 2016, Order suspended [Father's] legal and physical custody as to [B.B.][2], and reinstated [Father's] legal and 50/50 physical custody rights as to [M.B.], pending a custody trial[3]. Fourteen (14) days after the de novo hearing[4] the parties agreed to reinstate the November 2015 Custody Order, awarding [Father] shared legal and 50/50 physical custody of both children.

[1] The hearing took place over three days, June 6, 2016, June 16, 2016, and August 11, 2016.

[2] [Father's] legal and physical custody of [B.B.] was suspended as [B.B.] stated he would kill [Father] if he had to spend time in [Father's] custody. The Court found [B.B.'s] mental and emotional state could be damaged if he was required to see [Father].

[3] [Mother] testified at the de novo hearing that both children refused to spend time with [Father].

[4] The parties' Consent Order was signed October 7, 2016 and filed October 13, 2016.

Thus, at the time of the de novo hearing, [Father] did not have 50/50 physical custody of both children. As the October 7, 2016, Support Order was entered pursuant to the custody Order in place at the time of the de novo hearing, the Court did not err in determining [Father's] child support amount.[5] [Father] was not entitled to a deviation. It is well established law in Pennsylvania that

The obligation to support one's child does not depend on a parent's custodial rights. ..[.] Additionally, the amount of time a parent spends with his child has no bearing on the parent's obligation to provide child support. 'Though the parent-child relationship is the basis of this duty, a parent may not be released from this obligation by the actions of the child. A minor child cannot waive [her] right to support. This is so even if [she] renounces the parent and refuses to see him.'. .[.] Likewise, a parent cannot use the amount of time he

> spends with his child as a method of reducing his support obligation at the expense of the child.
>
> Kimock v. Jones, 47 A.3d 850, 856 (Pa. Super. 2012) (citations and quotations omitted).
>
> > [5] The Court notes [that Father] could have filed a Support Modification when he regained 50/50 custody of both children, but he did not do so.

Trial Court Opinion, 1/26/17, at 2–4 (emphases added).

After review, we discern no abuse of discretion or error of law in the trial court's decision. The trial court thoroughly addressed Father's claims of error and succinctly disposed of the issues Father raised on appeal. Accordingly, we conclude that Father is entitled to no relief on the appeal at 1690 WDA 2016, and we affirm the trial court's October 7, 2016 support order.

## Appeal at 360 WDA 2017

While the appeal at 1690 WDA 2016 was pending, Father filed a motion to enforce the parties' October 13, 2016 consent order, which as referenced above, reinstated the November 2015 custody order, awarding Father shared legal and 50/50 physical custody of the Children. Following a hearing, on February 17, 2017, the trial court denied Father's motion, and Father filed the appeal docketed at 360 WDA 2017.

After review, we conclude that the appeal at 360 WDA 2017, in which Father purports to challenge the custody arrangement, was duplicative of the appeal at 1690 WDA 2016. The motion underlying the appeal at 360

WDA 2017 was filed solely to modify Father's support obligation while the support issue was on appeal. Indeed, this was the trial court's conclusion; it held that it lacked jurisdiction because the appeal in the support matter was pending before this Court at 1690 WDA 2016. Order, 2/17/17; N.T., 2/17/17, at 4, 5, 8, 9, and 10.

Father's trial counsel correctly pointed out,[3] and Mother conceded that,[4] despite the filing of an appeal, trial courts maintain authority to enforce any order entered in the matter. Pa.R.A.P. 1701(b)(2). However, as discussed above, the trial court concluded that Father was not seeking enforcement of a custody order; he was again seeking modification of his support obligation. Trial Court Opinion, 4/4/17, at 1, 6. Father could have withdrawn the appeal at 1690 WDA 2016, and as Mother and the trial court note, sought modification of the support order.[5] However, Father did not do so and proceeded in an attempt to collaterally attack the support order which was on appeal.

Because the focus in the appeals filed at both 1690 WDA 2016 and 360 WDA 2017 was solely on Father's support obligation, and because Father's child-support obligation was on appeal at 1690 WDA 2016 when

_____

[3] N.T., 2/17/17, at 5.

[4] Mother's Brief, 360 WDA 2017, at 7.

[5] Mother's Brief, 360 WDA 2017, at 2; Trial Court Opinion, 1/26/17, at 4, n.5.

Father challenged his support obligation in the matter appealed at 360 WDA 2017, the trial court lacked jurisdiction. See Orfield v. Weindel, 52 A.3d 275, 277 (Pa. Super. 2012) (stating that as a general rule, Pennsylvania Rule of Appellate Procedure 1701 provides that a trial court loses jurisdiction over a proceeding once a notice of appeal is filed). We conclude that Father appealed the October 7, 2016 support order, and then attempted once again to challenge his support obligation. The trial court properly concluded in both matters that Father was assailing his support obligation, and because Father had already filed an appeal from the October 7, 2016 order, the trial court lacked jurisdiction over Father's subsequent filing. Accordingly, because the trial court was without authority to enter the February 17, 2017 order, we quash the appeal at 360 WDA 2017.

For the reasons set forth above, we affirm the October 7, 2016 order appealed at Superior Court docket number 1690 WDA 2016, and we quash the appeal from the February 17, 2017 order at Superior Court docket number 360 WDA 2017.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2017</u>