J-S45032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.A.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| K.A.C. | : | |
| | : | |
| Appellee | : | No. 29 MDA 2018 |

Appeal from the Order Entered November 30, 2017
in the Court of Common Pleas of York County
Domestic Relations at No.: 00465 SA 2017

BEFORE: PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.: **FILED OCTOBER 16, 2018**

Appellant, D.A.C., appeals from the trial court's child support order entered on November 30, 2017, which affirmed a prior order setting the support obligation of Appellee, K.A.C., at zero. We vacate the trial court's order, and remand for further proceedings consistent with this memorandum.

The parties are the parents of three children. The trial court aptly set forth the relevant procedural history of this case as follows:

> [Following an October 16, 2017 modification conference,] [a]n order was entered on October 19, 2017 modifying []Appellee's support obligation to a numerical value of zero effective August 23, 2017 due to Appellee's temporary disability and her inability to work and make payments. The order required Appellee to provide a physician verification form from her medical provider to the Domestic Relations Section by October 25, 2017, and to continue providing disability forms until released to work.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant filed [a request for] a hearing *de novo* [which] was scheduled for November 30, 2017 before [the trial court]. At the time of the hearing, Appellant appeared with counsel and Appellee appeared *pro se* by speaker phone. A representative from the Domestic Relations office confirmed that Appellee had submitted the required disability form from her medical provider, which stated that Appellee was able to return to work on October 30, 2017.[1]

At the conclusion of the hearing, [the trial court] entered an order affirming the prior order of October 19, 2017, but modifying it to remove the mortgage deviation component and directing the Domestic Relations [office] to provide Appellant's attorney with copies of all physician verification forms filed on behalf of the Appellee, as well as any that would be filed in the future.

(Trial Court Opinion, 2/09/18, at 1-2) (some capitalization omitted). Appellant

filed a timely notice of appeal on December 29, 2017.[2], [3]

Appellant raises one issue for our review:

I. Whether the trial court abused its discretion or otherwise erred in directing that Appellant was to be provided with Appellee's Physician Verification Forms **subsequent to** a record proceeding where Appellee's ability to work was at issue and Appellee had failed to provide Appellant with said forms prior to the record proceeding as is required by Pennsylvania Rule of Civil Procedure 1910.29[?]

_____

[1] Appellant challenged the admission of the physician verification forms. (**See** N.T. *de novo* Hearing, 11/30/17, at 3, 10).

[2] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on January 24, 2018. The court entered an opinion on February 9, 2018. **See** Pa.R.A.P. 1925.

[3] For the sake of completeness, we note that after Appellant filed his notice of appeal, the trial court entered a new order on January 11, 2018 requiring Appellee to pay $1,601.60 per month in child support, effective October 30, 2017. (**See** Trial Ct. Op., at 2; Order, 1/11/18).

- 2 -

(Appellant's Brief, at 4) (emphasis in original).[4]

Our standard of review of child support orders is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. . . .

***W.A.M. v. S.P.C.***, 95 A.3d 349, 352 (Pa. Super. 2014) (citations omitted).

Additionally,

> . . . the matter before us requires that we interpret a Pennsylvania Rule of Civil Procedure. This presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. Therefore, we are not constrained by the interpretation provided by the trial court. We must then analyze the trial court's [implementation of the rule], which we review for an abuse of discretion. . . .
>
> When interpreting a Rule of Civil Procedure, the goal "is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). In so doing, we must, to the extent possible, "give effect to all [of the rule's] provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). . . .

***Tillery v. Children's Hosp. of Philadelphia***, 156 A.3d 1233, 1249 (Pa. Super. 2017), *appeal denied*, 172 A.3d 592 (Pa. 2017) (case citation omitted).

Instantly, Appellant contends that Appellee failed to comply with her obligation under Pennsylvania Rule of Civil Procedure 1910.29(b)(2) to serve him with the physician verification forms within twenty days of the October

---

[4] Appellee did not file a brief.

16, 2017 modification conference. (**See** Appellant's Brief, at 15-16). Appellant argues that the trial court abused its discretion in permitting Appellee's physician verification forms to be formally admitted into evidence without the testimony of Appellee's treating physician, and in relying on those forms for its conclusion that she was disabled. (**See id.** at 14, 17). We agree.

Rule 1910.29, governing evidence in support matters, provides in pertinent part:

**(b) Medical Evidence.**

\* \* \*

(2) *Record Proceeding.* If the matter proceeds to a record hearing and the party wishes to introduce the completed Physician Verification Form into evidence, he or she must serve the form on the other party not later than 20 days after the conference. The other party may file and serve an objection to the introduction of the form within 10 days of the date of service. If an objection is made and the physician testifies, the trier of fact shall have the discretion to allocate the costs of the physician's testimony between the parties. If there is no objection, the form may be admitted into evidence without the testimony of the physician. In the event that the record hearing is held sooner than 30 days after the conference, the trier of fact may provide appropriate relief, such as granting a continuance to the objecting party.

Pa.R.C.P. 1910.29(b)(2).

Here, in its Rule 1925(a) opinion, the trial court states that "it is understandable that Appellant's counsel would want to investigate Appellee's condition prior to October 30, 2017[,]" and requests that this Court "remand this case for further proceedings regarding any challenged Physician Verification Forms." (Trial Ct. Op., at 4-5). The trial court advises that, once

this Court relinquishes jurisdiction, it will order that Appellee's physician be made available for questioning. (*See id.* at 4). We agree with the trial court and Appellant that remand is necessary for Appellee's failure to comply with Rule 1910.29(b)(2). We therefore remand to the trial court for further proceedings to address any challenged physician verification forms.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2018