J-S65014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.M.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| W.K.L. | : | |
| | : | |
| Appellant | : | No. 524 MDA 2018 |

Appeal from the Order Entered March 5, 2018
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s):  2017-02031

| | | |
|---|---|---|
| W.K.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.M.L. | : | No. 526 MDA 2018 |

Appeal from the Order Entered March 15, 2018
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s):  2016-02024,
PACSES No. 452115151

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 14, 2018**

W.K.L. ("Father") appeals from orders entered in these consolidated child support actions in the Court of Common Pleas of Lancaster County.  We affirm.

The trial court set forth a detailed account of the facts and procedural history of these cases in its Pa.R.A.P. 1925(a) opinion.  Trial Court Opinion,

5/24/18, at 1–4.  In summary, Father and L.M.L. ("Mother") have two minor children, A.L. and M.L. ("the Children").  As of December of 2017, A.L. spent eight days with Mother and six days with Father on a rotating basis, and the parties shared equal physical custody of M.L.  The parties' incomes and earning capacities are not in dispute.  Father and Mother both filed support actions.

Father's action

Father filed a support action against Mother on July 27, 2016 ("Father's action").  Following a support conference on August 30, 2016, the trial court entered a recommended order directing Mother to pay $414.73 per month to Father in current support and arrears ("Recommended Order").  Order, 9/16/16.  As of the Recommended Order, the parties shared custody of the Children through a 50/50 arrangement.  Neither party appealed the Recommended Order.

On August 3, 2017, Mother filed a petition to modify the Recommended Order, averring that she had primary custody of the Children.  Following a support modification conference on October 20, 2017, the trial court entered an order terminating the Recommended Order because Mother proved that she had primary physical custody of the Children.  In response, Father requested a *de novo* hearing, asserting that the Recommended Order "should not have been terminated for what is essentially the parties being flexible with the custodial scheduled."  Demand for Hearing De Novo, 11/14/17, at 1.

Following a February 20, 2018 *de novo* hearing, the trial court entered an order modifying the Recommended Order, terminating Mother's support obligation, and directing that an overpayment in the amount of $1,578.99 be applied to the companion case filed by Mother. Order, 2/20/18. Father filed a timely notice of appeal from the February 20, 2018 order.

### Mother's action

Mother filed a support action against Father on August 3, 2017 ("Mother's action"). Following a support conference on January 9, 2018, Mother's action was scheduled for a *de novo* hearing on February 20, 2018. Following that hearing, the trial court entered an order directing Father to pay $630.10 per month to Mother in current support and arrears. Order, 2/28/18. This amount reflected a downward deviation from the guidelines because Mother's income was higher than Father's income. The trial court also added as arrearage Mother's $1,578.99 overpayment from Father's action.

Two weeks later, Father filed a petition to modify the February 28, 2018 order, averring that he was unemployed. Although the trial court scheduled a support modification conference for April 5, 2018, Father filed a notice of appeal from the February 28, 2018 order on March 26, 2018.

In each appeal, Father and the trial court complied with Pa.R.A.P. 1925. Upon consideration of Father's request, we consolidated the two appeals. Order, 4/24/18.

On appeal from the February 20, 2018 and February 28, 2018 orders, Father raises a single issue for our consideration:

A. Did the trial court commit an error of law or abuse of discretion in applying the formula in Pa.R.C.P. No. 1910.16–4(d)(2) instead of the formula in Pa.R.C.P. No. 1910.16–4(d)(1) where [Mother] is the parent with greater earnings, has primary physical custody of one child, and the parties equally share custody of the other child?

Father's Brief at 6.[1]

Our standard of review is well settled:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

***W.A.M. v. S.P.C.***, 95 A.3d 349, 352 (Pa. Super. 2014) (citation omitted).

Relevant to these appeals, Pennsylvania Rule of Civil Procedure 1910.16–4(d) provides as follows:

(1) *Divided or Split Physical Custody. When Each Party Owes Child Support to the Other Party.* When calculating a child support obligation and each party owes child support to the other party as a result of the custodial arrangement, the court shall offset the parties' respective child support obligations and award the net difference to the obligee as child support.

_____

[1] Father's Pa.R.A.P. 1925(b) Statements of Errors Complained of on Appeal contained the same five issues, including the one raised herein. He has abandoned the other four issues.

- 4 -

\* \* \*

> (2) *Varied Partial or Shared Custodial Schedules*. When the parties have more than one child and each child spends either (a) different amounts of partial or shared custodial time with the party with the higher income or (b) different amounts of partial custodial time with the party with the lower income, the trier of fact shall add the percentage of time each child spends with that party and divide by the number of children to determine the party's percentage of custodial time. If the average percentage of custodial time the children spend with the party is 40% or more, the provisions of subdivision (c) apply.

Pa.R.C.P. 1910.16–4(d)(1), (d)(2).[2]

Practically speaking, where each party has custody of one or more children, subsection (d)(1) requires that each household be considered separately, and the support obligations offset. Conversely, subsection (d)(2) governs situations where each party has varied partial custody of one or more children and requires the trial court to add the percentage of time each child spends with a party and divide by the number of children to determine that party's percentage of custodial time. If the average percentage of time the

---

[2] Pa.R.C.P. 1910.16-4(c) provides, in relevant part, as follows:

> (1) When the children spend 40% or more of their time during the year with the obligor, a rebuttable presumption arises that the obligor is entitled to a reduction in the basic support obligation to reflect this time. This rebuttable presumption also applies in high income cases decided pursuant to Rule 1910.16-3.1. Except as provided in subsection (2) below, the reduction shall be calculated pursuant to the formula set forth in Part II of subdivision (a) of this rule. For purposes of this provision, the time spent with the children shall be determined by the number of overnights they spend during the year with the obligor.

children spend with a party is 40% or more, the provisions for substantial or shared physical custody apply. Pa.R.C.P. 1910.16-4(c)(1).

Father argues that the trial court applied the wrong standard in calculating support. According to Father, the trial court should have calculated support pursuant to Pa.R.C.P. 1910.16–4(d)(1). Father's Brief at 9. At the *de novo* hearing, Father's counsel argued why Rule 1910.16–4(d)(1) applied:

> [COUNSEL:] And if Your Honor would direct yourself to Rule of Civil Procedure with regard to 1910.16–4[(d)](1) with regards to divided or split physical custody. It actually states, when calculating a child support obligation and each party owes child support to the other party as a result of the custodial arrangement, the [c]ourt shall offset the parties' respective child support obligations and award the net difference to the obligee as child support.
>
> And then if the [c]ourt looks at Example 2, Example 2 says, if the parties have two children, one child resides with Mother, [A.L.] in this example, who's on [an] 8/6 schedule, and the parties share custody 50/50 percent of the other child and the monthly incomes are as set forth in Example 1, and in Example 1 Mother has the higher income and [Father] is the lesser earner in the scenario, then they actually offset. They calculate what support would [Father] owe for the child that's primarily with [Mother], and what would Mom owe for the child that's 50/50 with the parties and then offset the two.

N.T., 2/20/18, at 21, Plaintiff's Exhibit 1. In response, Mother argued and provided documentary evidence that she, in fact, was the primary custodian of both children and, therefore, was entitled to support. *Id.* at 22, Mother's Exhibit 1.

The trial court addressed Father's issue as follows:

> Father's reliance on Rule 1910.16–4(d)(1) of the Pennsylvania Rules of Civil Procedure is misplaced. Rather, the trial court

properly calculated the amount of any support obligation in accordance with Rule 1910.16–4(d)(2) of the Pennsylvania Rules of Civil Procedure which is controlling with respect to varied partial or shared custodial schedules. As such, [this] issue . . . lacks any sound basis in fact, inasmuch as Father is relying upon a specific provision of the Pennsylvania Rules of Civil Procedure which is not controlling as to the factual situation as presented by the matters at bar.

\* \* \*

The trial court correctly applied Rule 1910.16–4(d) of the Pennsylvania Rules of Civil Procedure to the facts presented by these matters. Rule 1910.16–4(d)(2) of the Pennsylvania Rules of Civil Procedure states that where, as herein, the custody schedule varies, support obligations should be calculated as follows:

> (2) *Varied Partial or Shared Custodial Schedules*. When the parties have more than one child and each child spends either (a) different amounts of partial or shared custodial time with the party with the higher income or (b) different amounts of partial custodial time with the party with the lower income, the trier of fact shall add the percentage of time each child spends with that party and divide by the number of children to determine the party's percentage of custodial time. If the average percentage of custodial time the children spend with the party is 40% or more, the provision of subdivision (c) apply.

Rule 1910.16–4(d)(2) of the Pennsylvania Rules of Civil Procedure. The official note states, "[I]n cases with more than one child and varied partial or shared custodial schedules, it is not appropriate to perform a separate calculation for each child and offset support amounts as that method does not consider the incremental increases in support for more than one child built into the schedule of basis child support." Id. The explanatory comment from 2005 indicates that subdivision (d) relates to the calculation of support in divided or split custody cases. It retains the existing method for offsetting the parties' respective support obligations when one or more of the children resides with each party. Accordingly, application of Rule 1910.16–4(d)(1) of the Pennsylvania Rules of Civil Procedure, as Father contends, would

have the court do an offset [of] the parties' respective child support obligations and award the net difference to the obligee as child support (N.T., Support Appeal Hearing, February 20, 2018 at p. 21). Said application would result in an error of law as the present factual scenario is not a custodial situation where one child resides with Father and one child resides with Mother.

In applying Rule 1910.16–4(d)(2) of the Pennsylvania Rules of Civil Procedure, the trial court correctly calculated Mother's physical custody time with the Children. M.L. spends 50% of her time in the physical custody of Mother. A.L. spends 57% of her time in the physical custody of Mother. Therefore, this amounts to a 53.5% average of time spent by the Children in the physical custody of Mother. Accordingly, Mother has 53.5% average of custodial time with the Children. As such, [Father's action] must be terminated and Father has a support obligation in favor of Mother in [Mother's action]. Utilizing Mother's monthly net income of $6,615.41 and Father's monthly net income of $5,669.90, as agreed upon by the parties, the combined monthly net income is $12,285.31, which results in a basic child support obligation of $2,277.00 in [Mother's action]. Father's percentage of the combined total monthly net income is 46%. Since Father's percent[age] of time spent with the Children is 46.30%, which is 16.30% greater than the 30% of time considered to be normal, Father receives a 16.30% reduction to his percentage of the combined total monthly net income or an adjusted percent share of 29.85% of the parties' income. With the adjustment for Father's custodial time and health insurance premiums, the guideline calculation is $715.12 per month in child support owed by Father to Mother. The court awarded a discretionary downward deviation in favor of Father from the guideline calculation of $715.12 per month pursuant to Rule 1910.16–5[(b)](9) as Mother's income was greater than Father's income; Father's expenses for the Children increase with the custody schedule; and, in consideration of the best interest of the Children. Accordingly, the court ordered Father to pay a reduced amount of $630.10 ($572.10 current support and $58.00 arrears) per month for support of the parties' two Children, A.L. and M.L.

Trial Court Opinion, 5/24/18, at 9–11 (footnote omitted).

Upon review, we discern no abuse of the trial court's discretion in calculating support pursuant to Pa.R.C.P. 1910.16–4(d)(2). At first glance,

Example 2 of subsection (d)(1) appears to apply: The parties have two children; A.L. resides with Mother; the parties share 50/50 custody of M.L.; and Mother has the higher income. However, subsection (d)(1) does not take into account the fact that A.L. also resides with Father. N.T., 2/20/18, at 14–15.

Because subsection (d)(2) accounts for the Children's varied partial or shared custodial schedules, it applies to the factual scenario at hand: The parties have two children; each child spends different amounts of partial or shared custodial time with Mother, the party having the higher income. Specifically, M.L. spends 50% of the time with Mother and 50% of the time with Father; A.L. spends 57% of the time with Mother and 43% of the time with Father. Accordingly, the trial court properly added the percentage of time each child spends with Mother and divided by the number of children to determine Mother's percentage of custodial time: (50% + 57%)/2 = 53.5%. Because the average percentage of Mother's custodial time with the Children is more than 40%, the trial court was required to apply the provisions for substantial or shared physical custody. Father's contrary position is untenable.

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2018