J-S26034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JASMINE SALGADO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRACY L. EVANS | : | |
| | : | |
| | : | No. 3273 EDA 2018 |

Appeal from the Order Entered October 19, 2018
In the Court of Common Pleas of Northampton County Domestic
Relations at No(s): DR-0066318

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED JUNE 18, 2019**

Jasmine Salgado (Salgado) appeals from the child support order entered by the Court of Common Pleas of Northampton County (trial court) finding that Tracy L. Evans (Evans) does not have the financial ability to contribute towards the additional educational and childcare expenses Salgado submitted regarding the parties' daughter (Child). We affirm.

We derive the following facts and procedural history from our independent review of the record and the trial court's January 3, 2019 opinion. Salgado filed a complaint seeking child support for Child (DOB September 2015) on April 6, 2018. At the August 22, 2018 support conference, the adjusted monthly net incomes of the parties were determined to be $1,816.27 for Salgado, and $2,770.22 for Evans. The trial court entered an order on August 30, 2018, setting Evans' monthly child support obligation at $633.00

_____
* Retired Senior Judge assigned to the Superior Court.

per month, allocated as $575.00 for current support and $58.00 for arrears. Salgado filed objections to the order and a demand for a *de novo* hearing.

At the October 15, 2018 hearing, the trial court addressed preschool tuition for the three-year-old Child, childcare expenses and the cost of extracurricular activities. Of note, the cost of the full-time preschool program Child attends at The Swain School is $10,500.00 for the school year. On October 19, 2018, the court entered an order making its August 2018 support order final and determining that Evans does not have the financial ability to contribute towards the cost of The Swain School. Salgado timely appealed.

On appeal, Salgado challenges the trial court's decision not to include the cost of Child's Swain School tuition in the child support order.[1] She maintains that the tuition should have been allocated as a reasonable childcare expense, or alternatively, as a reasonable tuition expense. (**See** Salgado's Brief, at 4).

Pennsylvania Rule of Civil Procedure 1910.16-6 provides for the allocation of additional expenditures to basic support obligations and states in relevant part as follows:

---

[1] "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order." **W.A.M. v. S.P.C.**, 95 A.3d 349, 352 (Pa. Super. 2014) (citation omitted).

The trier of fact **may** allocate between the parties the additional expenses identified in subdivisions (a) - (e). If under the facts of the case an order for basic support is not appropriate, the trier of fact **may** allocate between the parties the additional expenses.

**(a) Child care expenses**. Reasonable child care expenses paid by the parties, if necessary to maintain employment or appropriate education in pursuit of income, shall be allocated between the parties in proportion to their monthly net incomes….

\*    \*    \*

**(d) Private School Tuition.  Summer Camp.  Other Needs**. Expenditures for needs outside the scope of typical child-rearing expenses, *e.g.*, private school tuition, summer camps, have not been factored into the Basic Child Support Schedule.

(1) If a party incurs an expense for a need not factored into the Basic Child Support Schedule and the court determines the need and expense are reasonable, the court shall allocate the expense between the parties in proportion to the parties' monthly net incomes….

Pa.R.C.P. 1910.16-6(a), (d)(1) (emphases added).[2]

"A court may order parents to pay for the cost of school tuition as an additional expense to the standard child support award." *S.S. v. K.F.*, 189 A.3d 1093, 1098-99 (Pa. Super. 2018) (citation omitted). "However, the court may order a party to pay the cost of tuition only after the court determines that doing so is reasonable in light of the parties' respective incomes and expenses." *Id.* (citation omitted). "An order directing a party to pay for

---

[2] We have reproduced the Rule as written at the time of the parties' hearing; it was later amended.

tuition, like any support order, must be fair, non-confiscatory and attendant to the circumstances of the parties." *Id.* (citation omitted).

Instantly, as the trial court points out, the plain language of Rule 1910.16-6 provides that childcare and private school tuition are "additional expenses" that the court **may** allocate between the parties. After hearing testimony from both parties, the court determined that the cost of The Swain School should not be included in Evans' child support obligation because "it would not be reasonable or fair[.]" (Trial Court Opinion, 1/03/19, at 10). It explained:

> . . . As testified to by [Salgado] at the *de novo* hearing, even with substantial financial aid the annual fee for The Swain School program for [Child] is $10,500.00. As set forth in the Support Guideline Calculation appended to the Order, [Evans'] monthly net income was calculated to be $2,770.22. [Salgado's] monthly net income was calculated to be $1,816.27. Utilizing these incomes, [Evans'] basic support obligation was calculated at $575.00 based upon the support guidelines[.] At the *de novo* hearing, [Salgado] testified that she was seeking to have [Evans] pay 60% of the cost of The Swain School. If [her] demand were granted, this would result in [Evans] being required to pay another $6,300.00 annually, or $525 per month, effectively doubling the amount of support [Evans] was required to pay and raising his potential monthly support obligation to $1,100.00. Under the circumstances of the instant matter, where the parties' combined total monthly net income is $4,586.49, this would be unreasonable and unfair to [Evans]. Furthermore, given the parties' combined monthly net incomes, while seeking the best possible education for a child is a noble pursuit, paying $875.00 per month for their three year old child to attend The Swain School, along with the costs of additional extracurricular activities and summer care, does not appear reasonable to the [c]ourt. . .

(**Id.** at 10-11) (record citations omitted).

After review of the record, we discern no abuse of discretion in the trial court's decision regarding Child's Swain School tuition in light of the parties' respective incomes and Evans' existing basic support obligation.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/19